| | FILED |
|---|---|
| | CLERK, U.S. DISTRICT COURT |

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

```
FILED
CLERK, U.S. DISTRICT COURT

12-16-11

CENTRAL DISTRICT OF CALIFORNIA
BY: _sb_____ DEPUTY
```

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE-BACKED SECURITIES LITIGATION

Massachusetts Mutual Life Insurance Co. v. Countrywide )
    Financial Corp., et al., D. Massachusetts, )
      C.A. No. 3:11-30215 )     MDL No. 2265
      2:11-CV-10414 MRP-(MANx) ✓

TRANSFER ORDER
AND SIMULTANEOUS SEPARATION AND REMAND OF CERTAIN CLAIMS


    **Before the Panel:*** Pursuant to Rule 7.1, plaintiff Massachusetts Mutual Life Insurance Co. (Mass Mutual), moves to vacate our order that conditionally transferred its action to MDL No. 2265 and simultaneously separated and remanded unrelated claims[1] to the District of Massachusetts. Certain defendants[1] oppose the motion.

    After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2265, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Central District of California was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that Countrywide and affiliated defendants misrepresented to investors in Countrywide mortgage-backed securities (MBS) origination practices for, and the credit quality of, the mortgage loans Countrywide originated from 2004 to 2007. *See In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, ___ F. Supp. 2d ___, 2011 WL 3569969 (J.P.M.L. Aug. 15, 2011). Mass Mutual allegedly purchased Countrywide MBS, and this action clearly falls within the MDL's ambit.

    In our initial transfer order, the Panel limited this MDL to claims brought by Countrywide MBS investors. *Mass Mutual*, however, involves additional unique claims relating to Mass Mutual's purchase of non-Countrywide MBS.[2] Accordingly, these non-Countrywide MBS claims are appropriate for separation and simultaneous remand, under 28 U.S.C. § 1407(a), to the District of Massachusetts.

---

    *   Judge John G. Heyburn II took no part in the decision of this matter.

    [1] Countrywide Financial Corp. (Countrywide), CWALT, Inc., CWABS, Inc., CWHEQ, Inc., CWMBS, Inc., Countrywide Home Loans, Inc., Countrywide Securities Corp., and David Sambol.

    [2] These include three securitizations sponsored by Merrill Lynch Mortgage Lending, Inc., and one sponsored by Bank of America, N.A.

-2-

In opposition to inclusion of its action in MDL No. 2265, plaintiff Mass Mutual makes two arguments. First, plaintiff argues that it asserts claims solely under the Massachusetts securities law. The relevant inquiry, however, is not whether the actions involve common legal questions, but whether *Mass Mutual* shares one or more questions of fact with other MDL No. 2265 actions. 28 U.S.C. § 1407(a); *see, e.g., In re: Rembrandt Techs., LP, Patent Litig.*, 493 F. Supp. 2d 1367 (J.P.M.L. 2007). In any event, nearly all the MDL No. 2265 cases assert claims under various state securities statutes or common law. Where, as here, an action shares one or more factual questions with the MDL No. 2265 cases, the assertion of state law causes of action is insufficient to avoid inclusion in MDL proceedings.

Second, plaintiff Mass Mutual argues that nine similar actions brought by it against different MBS issuers are pending in the District of Massachusetts and one judge is coordinating *Mass Mutual* and these other cases. While this coordination is laudable, transferring Countrywide MBS claims in *Mass Mutual* to the MDL proceedings will promote the just and efficient conduct of all Countrywide MBS cases. Seven of the 24 Countrywide MBS offerings in *Mass Mutual* are already before the MDL court. Inclusion of all *Mass Mutual* Countrywide MBS claims ensures that a single judge presides over these Countrywide MBS actions or claims providing consistency, preventing conflicting rulings, and greatly reducing the duplicative expenditure of judicial and party resources.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Mariana R. Pfaelzer for inclusion in the coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that claims relating to non-Countrywide MBS are separated and simultaneously remanded to the District of Massachusetts.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Barbara S. Jones
Paul J. Barbadoro               Marjorie O. Rendell
Charles R. Breyer

I hereby attest and certify on 12-16-11
that the foregoing document is full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK