UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>  v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>       Defendants. | Civil Action No. 11-cv-30215 |

**ASSENTED-TO MOTION AND STIPULATION CONCERNING SCHEDULE FOR RESPONDING TO THE FIRST AMENDED COMPLAINT**

Bank of America, N.A., Banc of America Funding Corporation, Banc of America Securities LLC, Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Mark I. Ryan, George C. Carp, George G. Ellison, Matthew T. Whalen, and Brian T. Sullivan (collectively, the "Remaining Defendants") hereby move for additional time to respond to Massachusetts Mutual Life Insurance Company's ("Plaintiff") First Amended Complaint, as stipulated to by the parties as set forth below.

Plaintiff, through its undersigned counsel, assents to the motion.

In support of this motion, the parties state as follows:

    1.  Plaintiff commenced this action on September 1, 2011 by filing a complaint (the "Complaint") captioned *Massachusetts Mutual Life Insurance Company v. Countrywide Financial Corporation, et al.*, Case No. 3:11-cv-30215 (the "Action"), in the United States District Court for the District of Massachusetts.

2. On September 7, 2011, Countrywide Financial Corporation, Countrywide Home Loans, Inc., CWALT, Inc., CWABS, Inc., CWMBS, Inc., CWHEQ, Inc. and Countrywide Securities Corporation (the "Countrywide Defendants") filed a Rule 7.1 Notice of Related Action with the United States Judicial Panel on Multidistrict Litigation ("JPML") to identify the Action as a potential "tag-along" action to actions previously transferred to Judge Marianna Pfaelzer of the United States District Court for the Central District of California pursuant to the JPML's August 15, 2011 order establishing a Multi-District Litigation captioned *In re Countrywide Financial Corp. Mortgage-Backed Securities Litig.*, MDL Docket No. 2265 (the "MDL Proceeding").

3. On September 9, 2011, the JPML issued a Conditional Transfer Order ("CTO") conditionally transferring claims in the Action that relate to Countrywide mortgage-backed securities to the MDL Proceeding.

4. On September 16, 2011, Plaintiff filed with the JPML a Notice of Opposition to the CTO. Plaintiff subsequently filed with the JPML its Motion to Vacate the CTO on October 3, 2011, the Countrywide Defendants filed their Response to the Motion to Vacate the CTO on October 24, 2011, and Plaintiff filed a Reply to the Countrywide Defendants' Response on October 31, 2011.

5. On October 3, 2011, the parties filed an Assented-To Motion and Proposed Order Concerning Schedule for Responding to the Complaint (the "First Assented-To Motion and Proposed Order"). In the First Assented-To Motion and Proposed Order, the parties agreed that the time for all defendants to respond to the Complaint would be extended until after the JPML ruled on Plaintiff's Motion to Vacate the CTO. The First Assented-To Motion and Proposed Order provided that defendants would respond to the Complaint within forty five (45)

days after the JPML's ruling on Plaintiff's Motion to Vacate the CTO, Plaintiff would file oppositions to any motions to dismiss within sixty (60) days after any motions to dismiss were filed, and defendants would file reply briefs in further support of any motion to dismiss thirty (30) days after the filing of Plaintiff's opposition.

6. On October 5, 2011, the Court entered an order granting the extension stipulated in the First Assented-To Motion and Proposed Order.

7. On November 30, 2011, Plaintiff filed a First Amended Complaint (the "FAC") in the Action.

8. On December 14, 2011, the JPML issued a Transfer Order denying Plaintiff's Motion to Vacate the CTO, transferring all claims in the Action that relate to Countrywide mortgage-backed securities to the MDL Proceeding, and remanding the remaining claims which relate to non-Countrywide mortgage-backed securities to this Court.

9. The parties agree, for the same reasons for the agreed schedule governing Plaintiff's original complaint, that judicial economy would be served if the time for the Remaining Defendants to respond to the FAC is extended.

10. Counsel for the Remaining Defendants and counsel for Plaintiff conferred and have stipulated and agreed, subject to the approval of the Court, as follows:

a) The Remaining Defendants shall answer, move to dismiss, or otherwise respond to the FAC on or before February 13, 2012, which is sixty (60) days after the JMPL's December 14, 2011 decision on Plaintiff's Motion to Vacate the CTO;

b) Plaintiff shall file its opposition(s) to any motions to dismiss on or before sixty (60) days after any motions to dismiss are filed; and,

      c)      The Remaining Defendants shall file their reply briefs in further support of any motions to dismiss within thirty (30) days after Plaintiff's opposition(s) is/are filed.

      d)      By agreeing to this assented-to motion, neither Plaintiff nor the Remaining Defendants waive their rights to seek from each other or any applicable court additional adjournments or extensions of the applicable deadlines.

      e)      Upon approval of this assented-to motion, each Remaining Defendant hereby waives service of the FAC.  Nothing contained in this assented-to motion, including but not limited to the foregoing waiver of service, shall be deemed to constitute a waiver of, and each Remaining Defendant does not waive but expressly preserves, any and all arguments or defenses, including without limitation, those defenses or arguments relating to subject matter or personal jurisdiction, venue, or transfer.  Similarly, Plaintiff waives no rights, arguments or claims by entering into this assented-to motion.

**WHEREFORE**, the parties respectfully request that this Court:

      1.      Grant the instant motion to enter an Order establishing the schedule stipulated to by the parties.

      2.      Grant such further relief as may be just and proper.

Dated: December 20, 2011

| | |
|---|---|
| /s/ Christopher B. Zimmerman | /s/ Stephen E. Spelman |
| Jeffrey B. Rudman (BBO #433380) | Edward J. McDonough, Jr. (BBO #331590) |
| *jeffrey.rudman@wilmerhale.com* | *ejm@efclaw.com* |
| Andrea J. Robinson (BBO #556337) | Stephen E. Spelman (BBO #632089) |
| *andrea.robinson@wilmerhale.com* | *ses@efclaw.com* |
| Christopher B. Zimmerman (BBO #653854) | EGAN, FLANAGAN AND COHEN, P.C. |
| *christopher.zimmerman@wilmerhale.com* | 67 Market Street, P.O. Box 9035 |
| Adam J. Hornstine (BBO #666296) | Springfield, MA 01102 |
| *adam.hornstine@wilmerhale.com* | |
| Katherine B. Dirks (BBO #673674) | *Of Counsel* |
| *katherine.dirks@wilmerhale.com* | Philippe Z. Selendy |
| Brian J. Boyle Jr. (BBO #676683) | Jennifer Barrett |
| *brian.boyle@wilmerhale.com* | QUINN EMANUEL URQUHART & |
| WILMER CUTLER PICKERING HALE AND DORR LLP | SULLIVAN, LLP |
| 60 State Street | 51 Madison Avenue, 22nd Floor |
| Boston, MA 02109 | New York, New York 10010-1601 |
| Tel: (617) 526-6000 | |
| Fax: (617) 526-5000 | *Counsel for Plaintiff* |

*Counsel for Bank of America, N.A., Banc of America Funding Corporation, Banc of America Securities LLC, Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Mark I. Ryan, George C. Carp, George G. Ellison, Matthew T. Whalen, and Brian T. Sullivan*

**RULE 7.1(A)(2) CERTIFICATE**

I, Christopher B. Zimmerman, hereby certify that on December 19 and 20, 2011, counsel for the remaining parties have conferred and ASSENTED to the allowance of this motion.

/s/ Christopher B. Zimmerman

**CERTIFICATE OF SERVICE**

I, Brian J. Boyle Jr., hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and by email to those indicated as non-registered participants on this 20th day of December, 2011.

/s/ Brian J. Boyle Jr.