## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MASSACHUSETTS MUTUAL LIFE INSURANCE )     Civil Action No. 3:11-30215-MAP
COMPANY, )
                          )
         Plaintiff, )
                          )
                          )
         v. )
                          )
COUNTRYWIDE FINANCIAL CORP., et al., )
                          )
         Defendants. )
                          )

## JOINT MOTION FOR APPROVAL OF STIPULATION AND [PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

This matter comes before the Court by Stipulation of Plaintiff Massachusetts Mutual Life

Insurance Company ("MassMutual") and Defendants Banc of America Securities LLC, Merrill

Lynch, Pierce, Fenner & Smith Inc., Mark I. Ryan, and George G. Ellison (collectively,

"Defendants," and together with MassMutual, the "Parties") in the above-captioned action for

the entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Federal

Rule of Evidence 502(d), limiting the review, copying, dissemination, and filing of confidential

and/or proprietary documents and information to be produced by the Parties or any non-parties in

the course of discovery in the above-captioned action (the "Action") to the extent set forth

below.

With the Parties, by and among their respective counsel, having stipulated and agreed to

the terms set forth herein, and good cause having been shown,

IT IS hereby ORDERED as follows:

1.     <u>Scope of Order:</u> This Order is entered to facilitate the production, exchange, and

discovery of documents and information that merit confidential or highly confidential treatment.

1

(a)     "CONFIDENTIAL INFORMATION" shall mean documents and
information that, in the good-faith judgment of the party designating the materials as
confidential, contain or reveal confidential trade secrets, proprietary business information, non-
public personal, client or customer information (including, but not limited to, names, Social
Security numbers, home telephone numbers and addresses, tax returns, and medical, investment,
credit and banking information).

(b)     "HIGHLY CONFIDENTIAL INFORMATION" shall mean documents
and information that, in the good-faith judgment of the party designating the materials as highly
confidential, (i) contain or reveal trade secrets, proprietary information, business strategies, client
information, or other information that the disclosing party reasonably believes would result in
competitive, commercial or financial harm to the disclosing party or its personnel, clients or
customers if shared with persons other than those permitted to receive HIGHLY
CONFIDENTIAL INFORMATION pursuant to this Order, or (ii) materials that contain highly
confidential personal information.

(c)     For purposes of this Order, "NONPARTY BORROWER
INFORMATION" shall mean any information that constitutes "nonpublic personal information"
within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809 and its
implementing regulations, including, but not limited to, any portion of a mortgage loan file or
other document that includes financial or credit information for any person (including any credit
history, report or score obtained on any such person to determine the individual's eligibility for
credit) together with personally identifiable information with respect to such person, including,
but not limited to, name, address, Social Security number, loan number, telephone number, or

2

place or position of work. As set forth in Paragraph 23 below, this Order authorizes the disclosure of such NONPARTY BORROWER INFORMATION in the Action.

(d)     This Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or exchanged by and among the Parties to the Action and any non-parties in connection with the Action.

2.     Disclosure Prohibited: CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION or the substance or context thereof, including any notes, memoranda, or other similar documents relating thereto or derived therefrom, shall not be disclosed or summarized, either in writing or orally, by a receiving party to anyone other than persons permitted to have access to such information under this Order. Nothing in this Order shall limit disclosure or use by a designating party of its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

3.     Designating Confidential Material: The Parties and any non-parties may designate information or documents as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, either by notation on the document, statement on the record of the deposition, or written notice to the counsel for the Parties. Materials designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Order shall be designated and marked as follows:

(a)     Documents or TIFF Images: Documents or TIFF images may be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or an equivalent thereof, on any such document or image. Unless the Parties otherwise agree,

3

such legend shall be placed upon every page of each document or image containing

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. In lieu of

marking the originals of documents, the disclosing party may mark the copies that are produced

or exchanged. Notwithstanding the foregoing, Excel documents or any other type of

electronically stored information produced in native format (together, "Natively Produced ESI")

containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION need not be produced using a means sufficient to ensure that every page of

such document, when printed, contains the appropriate mark or stamp. Instead, the disclosing

party shall use reasonable means to designate as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" such Natively Produced ESI, including, where applicable and/or practicable,

by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that

includes the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" mark; (ii) including

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name of the Natively Produced

ESI; or (iii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the label of the

media or in the production letter for the Natively Produced ESI.

      (b)    Non-Paper Media: Where CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION is produced in a non-paper medium (e.g., video

tape, audio tape, computer disks, etc.) that does not include TIFF images, the appropriate

confidentiality notice as described in Paragraph 3(a) above should be placed on the medium, if

possible, and its container, if any, so as to give clear notice of the designation. To the extent that

any receiving party prints any of the information contained on non-paper media that is

designated as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION, such printouts will be marked as described in Paragraph 3(a) above by the receiving party.

(c)  Physical Exhibits:  The confidential or highly confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in Paragraph 3(a) above.

(d)  Written Discovery:  In the case of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the appropriate confidentiality designation as described in Paragraph 3(a) above shall be placed on the first page of the document and on each page containing answers or responses that contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

(e)  Depositions:  The designating party shall make reasonable efforts to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" those specific portions of a deposition transcript that contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  The entire transcript of a deposition shall be treated as CONFIDENTIAL INFORMATION until thirty (30) days after receipt of the deposition transcript by counsel for the witness, after which the information revealed during the deposition shall cease to be treated as CONFIDENTIAL INFORMATION unless, at the deposition and on the record, or in writing before the thirty (30) days have expired, the witness, his or her current or former employer, or their counsel designates those portions of the deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

With regard to designations made within thirty (30) days after receipt of the deposition transcript of a deposition, counsel shall make such designations by sending written notice to

5

counsel for the Parties and to any other person known to have a copy of said transcript. The notice shall reference this Order and identify the pages and lines so designated. All copies of transcripts designated in this fashion shall be governed by the terms of this Order.

Notwithstanding the preceding language in this Paragraph, in the event that (i) a document produced and designated by a non-party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is used as an exhibit in a deposition and (ii) counsel for the non-party is not present at the deposition, the Parties agree that the exhibit remains designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and that any testimony concerning the exhibit shall be deemed to have been designated in writing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as is required in this Paragraph.

(f)     Inspections of Documents and Tangible Items:   Where discovery is provided by allowing access to the documents or tangible things for inspection instead of delivering copies of them, all items being inspected, and any information derived from that inspection, shall be deemed CONFIDENTIAL INFORMATION until the party allowing access indicates otherwise in writing. If the party allowing access delivers copies of any documents or tangible things to the Party seeking discovery, Paragraphs 3(a) through 3(c) shall govern the designation of such documents or tangible things as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

4.     Bulk Designation:   In order to allow for expedited production of voluminous materials, a designating party may, at its sole option, but is not required to, produce materials without a detailed, or any, review, subject to the "clawback" procedures in this Order (Paragraph 16) or otherwise agreed to. In doing so, the designating party may designate those collections of documents as CONFIDENTIAL INFORMATION notwithstanding that some of the documents

6

within the collection may not qualify for such designation. The materials that may be so designated shall be limited to NON-PARTY BORROWER INFORMATION, underwriting guidelines, loan origination files, loan servicing files, materials reflecting due diligence on loans at issue in the Action, or such other categories as the Parties agree to in writing or by Court order. Notwithstanding the foregoing, the receiving party may at any time challenge the designation of one or more documents in accordance with Paragraph 8 of this Order on the grounds that it or they does not or do not qualify for confidential protection. If the designating party agrees, it shall promptly notify the receiving party or parties that it is withdrawing or changing the designation.

5.    Inadvertent Non-Designation: The failure to designate CONFIDENTIAL INFORMATION as "CONFIDENTIAL" or the failure to designate HIGHLY CONFIDENTIAL INFORMATION as "HIGHLY CONFIDENTIAL" before or at the time of disclosure shall not operate as a waiver of a disclosing party's right to designate or re-designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If a disclosing party discovers that it produced material that was not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the disclosing party may promptly notify the receiving party or parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation. Promptly after providing such notice, the disclosing party shall provide re-labeled copies of the material to each receiving party reflecting the new designation. The receiving party or parties will replace the inadvertently non-designated material with the newly designated material and will make reasonable efforts to destroy the originally non-designated material, except for: (a) such information or material that was transmitted electronically and whose removal or destruction from a receiving party's electronic systems

7

would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation; and (b) information saved on backup media in an electronically stored format, if the receiving party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information. If the receiving party disclosed such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to persons not authorized to receive that information before receipt of the confidentiality designation, however, such disclosure shall not be deemed a violation of this Order. In the event the receiving party receives subsequent notice that the information is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the receiving party shall either make reasonable efforts to promptly retrieve the information or shall promptly notify the disclosing party of the distribution and the identity of the person who received the information. Any Party may object to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation of documents or information pursuant to the procedures set forth in Paragraph 8 of this Order. The designating party shall bear the burden of establishing the basis for the designation.

6.    Upward Designation: A Party may change the designation of any document or information that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information produced by another disclosing party without a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," provided that such document or information contains the upward designating party's own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Any such increase in the designation of a document shall be made within ninety (90) days of the date of its production, unless good cause is shown for a later increase in the designation. Upward designations shall be accomplished by providing written notice to all

8

receiving parties identifying (by production number, transcript line and page number, or other individually identifiable information) the document, testimony, or other information whose designation is to be increased. Promptly after providing such notice, the upward designating party shall provide re-labeled copies of the material to each receiving party reflecting the new designation. The receiving party or parties will replace the originally designated material with the newly designated material and will make reasonable efforts to destroy the originally designated material, except for: (a) such information or material that was transmitted electronically and whose removal or destruction from a receiving party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation; and (b) information saved on backup media in an electronically stored format, if the receiving party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information. Any Party may object to the upward designation of documents or information pursuant to the procedures set forth in Paragraph 8 of this Order. The upward designating party shall bear the burden of establishing the basis for the enhanced designation.

7.     Mis-Designation:  A designating party will use reasonable, good-faith efforts to avoid designating, or to de-designate in a reasonable time after request, any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that is generally available to the public or that is otherwise not entitled to such designation.

8.     Challenging Designation of Materials:  If a receiving party elects to challenge the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," it must do so in good faith and shall notify the designating party in writing

9

and identify the challenged material by production number. The receiving party and the designating party shall, within ten (10) calendar days after service of the written objection(s), meet and confer concerning the objection(s). If the parties are not able to resolve the dispute during the meet-and-confer process, the receiving party may then, after advising the designating party, seek relief from the Court in accordance with its rules and procedures. The designating party who asserts that the document or information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of persuasion with respect to the propriety of the designation. Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a designating party shall be treated as such by a receiving party unless otherwise agreed to by the designating party or otherwise ordered by the Court.

The failure of a receiving party expressly to challenge the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of disclosure shall not constitute a waiver of the right to challenge the designation at any subsequent time. Nothing herein shall be interpreted as an admission that any information is entitled to confidential or highly confidential treatment.

9.   Access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION: Subject to any other written agreement among or between the Parties, a receiving party may access or use discovery material that is disclosed or produced by a disclosing party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to the Action and/or any of the 3:11-cv-30035, 3:11-cv-30039, 3:11-cv-30044, 3:11-cv-30047, 3:11-cv-30048, 3:11-cv-30094, 3:11-cv-30126, 3:11-cv-30127, 3:11-cv-30141, and 3:11-cv-30285 actions before this Court (together with the Action, the "MassMutual Actions"). Except as required by law, discovery

10

material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual repurchase demands, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of action and transactions at issue in the MassMutual Actions. Nothing herein shall be construed as an admission that documents and information designated for production in this Action are relevant to or admissible in any other MassMutual Action. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons and under the conditions described in this Order.

(a)     Unless otherwise ordered by the Court or permitted in writing by the designating party, material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

i.     the receiving party and its counsel, including both in-house and outside counsel, and including counsel's support staff and outside service organizations, as well as current officers, directors and employees of a corporate receiving party;

ii.     any other Parties to the MassMutual Actions and their counsel, including both in-house and outside counsel, and including counsel's support staff and outside service organizations, as well as current officers, directors and employees of corporate Parties;

iii.     former officers, directors, and employees of corporate Parties;

iv.     witnesses and prospective witnesses of a Party who have a need to know the information to assist counsel in connection with the MassMutual Action(s);

v.     the Parties' insurers, including the insurers' support staff and service organizations;

vi.     court reporters taking testimony and their support personnel;

11

vii.    deposition videographers recording testimony and their support

personnel;

viii.    the Court and any authorized court personnel;

ix.    independent consultants or experts retained by counsel for

assistance with respect to the MassMutual Action(s); *provided, however,* that counsel, in good faith, requires their assistance in connection with such MassMutual Action(s); and *further provided* that any part of a report created by such expert or consultant relying on or incorporating CONFIDENTIAL INFORMATION in whole or in part shall be designated as "CONFIDENTIAL," as the case may be, by the Party responsible for its creation; and *further provided* that the expert witnesses or consultants may not use the CONFIDENTIAL INFORMATION to their competitive advantage or for any purpose other than relating to the MassMutual Action(s);

x.    deposition witnesses and participants;

xi.    any mediator or arbitrator engaged by the Parties to the

MassMutual Action(s); and

xii.    any individual who either prepared a document that has been designated as "CONFIDENTIAL" or who is identified on the face of such document as a recipient of the document through means other than the discovery process in the MassMutual Action(s).

(b)    Unless otherwise ordered by the Court or permitted in writing by the designating party, material designated as "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

12

i.    any person permitted to receive CONFIDENTIAL

INFORMATION identified in Paragraph 9(a), except that HIGHLY CONFIDENTIAL INFORMATION shall not be disclosed, summarized, described, characterized, or otherwise communicated to any current or former director, officer, or employee of the receiving party or any other Party to the MassMutual Action(s), other than in-house counsel and their support staff. To the extent that independent experts or consultants are relying on or incorporating HIGHLY CONFIDENTIAL INFORMATION in their reports, the reports shall be marked HIGHLY CONFIDENTIAL. For avoidance of doubt, the Parties understand that HIGHLY CONFIDENTIAL INFORMATION shall not be used for business advantage or competitive purposes; and

ii.    any other person to whom the designating party agrees to disclose the HIGHLY CONFIDENTIAL INFORMATION on the record at a deposition or Court proceeding in advance of the disclosure.

(c)    Unless otherwise agreed to by the disclosing party in writing or ordered by the Court, persons described in Paragraphs 9(a)(iii), (iv), (vii), and (x) who have been shown CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not retain copies thereof (except to the extent that such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is already in the person's possession, custody or control at the time of the disclosure by any of the parties hereto or their counsel).

10.    Execution of Confidentiality Agreement:  Prior to disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to persons described in Paragraphs 9(iii), (iv), (v), (ix), and (xi), such person shall be shown a copy of this Order and

13

shall sign an agreement in the form attached hereto as Exhibit A agreeing to be bound by this Order.

11.     Retention of Confidentiality Agreements:  Outside counsel for the Party that obtains the signed agreement in the form attached hereto as Exhibit A, as required in Paragraph 10 above, shall retain them for six (6) months following the final termination of all the MassMutual Actions, including any appeals, and shall make them available to other Parties upon good cause shown.

12.     Filing Under Seal:  When a Party seeks to file with the Court any papers that contain or reference CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of any other designating party, the filing Party shall concurrently file a motion to impound, pursuant to District of Massachusetts Local Rule 7.2, that shall contain a statement that the impounding order may be lifted in fourteen (14) days unless the designating party files a statement supported by good cause within that period, that the material should be impounded until further order of the Court.

13.     Storage of Confidential Materials:  Each receiving party shall use due care with respect to the storage, custody, use, and/or dissemination of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION.  A person with custody of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

14.     Copies of Confidential Materials:  Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION for use in connection with

14

the Action, and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection as other CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION into machine-readable form for incorporation in a data retrieval system used in connection with the Action, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

15.    Inadvertent Disclosure by a Receiving Party: Should any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person not authorized under this Order, then the Party responsible for the inadvertent disclosure shall make reasonable best efforts to bind such person to the terms of this Order; and shall, as soon as practicable, but in any event, not longer than two (2) business days after discovery by counsel of record of the disclosure, (a) inform such person of all the provisions of this Order; (b) request such person to sign the agreement in the form attached hereto as Exhibit A; (c) request such person to return all copies of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; and (d) notify the designating party in writing of the unauthorized disclosure and the identity of such person. If such person executes a confidentiality agreement in the form attached hereto as Exhibit A, a copy of the executed agreement shall promptly be sent to the designating party. The Parties agree that, in the event of any unauthorized disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, a Party shall be entitled to seek equitable relief, including specific performance, as a remedy for the unauthorized disclosure.

15

16.     No Waiver of Privilege and Clawback Rights: The production of documents by a

producing party shall, to the maximum extent permitted by law, be governed by Federal Rule of

Civil Procedure 26(b)(5) and Federal Rule of Evidence 502 regarding the inadvertent production

of material protected by the attorney-client privilege, the work product doctrine, or any other

privilege or protection from disclosure recognized under applicable law. A party's inadvertent

disclosure in connection with the Action of information that the disclosing party believes is

protected by the attorney-client privilege, the work product doctrine, or any other privilege or

immunity from discovery shall not constitute a waiver with respect to such privilege or

immunity.

(a)     Notification by the Disclosing Party: In the event of an inadvertent

disclosure of allegedly privileged information, including through a production pursuant to

Paragraph 16(f) of this Order, the disclosing party may provide notice in writing to the receiving

party or parties advising of the inadvertent disclosure, requesting return of the allegedly

privileged information, and asserting the basis of the clawback request. Upon such notice, the

receiving party or parties shall make no further use of the allegedly privileged information, shall

immediately segregate the information in a manner that will prevent any further disclosure or

dissemination, and shall take reasonable steps to retrieve the information to the extent it was

disclosed or disseminated prior to receipt of the notice. Within ten (10) calendar days of

receiving the notice of inadvertent disclosure, the receiving party shall return all allegedly

privileged information in its possession, custody, or control, or shall provide written

confirmation that such information has been deleted. Within twenty (20) days of providing the

notice of inadvertent disclosure, or as otherwise agreed, the disclosing party shall provide the

receiving party or parties with a privilege log identifying the allegedly privileged information

16

that was inadvertently disclosed and the asserted grounds for privilege, as required by the
Federal Rules of Civil Procedure and applicable court rules.

(b)    Notification by the Receiving Party:  In the event a receiving party
receives information that appears on its face to be subject to the attorney-client privilege, the
work product doctrine, or any other privilege or immunity from discovery, the receiving party
shall refrain from reviewing the information any more than is essential to ascertain that the
information is privileged, and shall immediately notify the disclosing party in writing that he or
she possesses information that appears on its face to be privileged.  The disclosing party shall
then have twenty (20) calendar days after receiving the notice to request the return of the
information.  If the disclosing party requests return of the information, (i) the receiving party
shall immediately return the information to the disclosing party and destroy any other copies, and
(ii) the disclosing party shall provide the receiving party and all other Parties with a privilege log
identifying the allegedly privileged information that was inadvertently disclosed and the asserted
grounds for privilege, as required by the Federal Rules of Civil Procedure and applicable court
rules, within twenty (20) calendar days of requesting return of the privileged information, or as
otherwise agreed.

(c)    Disputes:  The return of any discovery material to the disclosing party
shall not in any way preclude the receiving party from moving the Court for a ruling that the
disclosed information was never privileged or otherwise immune from discovery; however, the
receiving party may not assert as a basis for the relief it seeks the fact or circumstance that such
allegedly privileged documents were inadvertently produced in the Action. In the event there is
a dispute over whether the information at issue is protected from disclosure by virtue of a
privilege or immunity from discovery, counsel shall undertake reasonable, good-faith efforts to

17

resolve the issue without court intervention. To the extent counsel cannot resolve the issue, any

receiving party may bring a motion to compel production of the allegedly privileged information,

and the party asserting the privilege shall bear the burden of persuasion with respect to the

applicability of the privilege. Allegedly privileged documents shall remain protected against

disclosure and use during the pendency of any dispute over their status. If a Party has, in another

action, investigation or proceeding, inadvertently produced privileged documents or has

produced documents through a process substantially similar to the process set forth in Paragraph

4 above without determining whether a privilege or other immunity from discovery applies, no

other Party shall claim that the inadvertent production of those documents in such other action,

investigation or proceeding constitutes a waiver of any privilege or protection with respect to the

documents produced. Nothing herein shall prohibit a Party from claiming that other facts or

circumstances beyond the inadvertent production constitute a waiver.

        (d)     Litigation Materials: Privileged information that relates to the Action and

was created on or after February 9, 2011 need not be identified on any privilege log.

        (e)     Use of Privileged Material at Deposition: If, during a deposition, a Party

claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the

witness, or made the subject of examination) is subject to the Party's attorney-client privilege,

work product doctrine, and/or any other applicable privilege or immunity from disclosure, the

Party shall state on the record that the document is privileged, or contains privileged material,

and may request return of the document from the examining Party. Once the privilege has been

asserted, the Party asserting the privilege may, at its sole election (a) allow the examining Party

to use the document to question the witness without waiver of its claim of privilege or work-

product protection, or (b) request return of the document, or portion of the document over which

18

privilege is asserted, and refuse to permit questioning on such privileged material. The examining Party may not ask questions relating to a document, or portion of a document, over which a privilege claim has been asserted unless expressly agreed to on the record by the Party asserting the privilege. If the Party asserting the privilege permits questioning on such privileged document on the basis that the questioning will be without waiver of privilege, such portion of the deposition shall be treated as HIGHLY CONFIDENTIAL INFORMATION pending the resolution of any dispute and the examining Party may not argue that privilege or immunity has been waived by the Party giving permission to question the witness about the document. If there is a dispute over the privileged nature of the document, the Parties shall meet and confer in good faith following the deposition and, in the event the Parties are unable to resolve the issue themselves, shall cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the Party asserting the claim of privilege will be responsible for ensuring that the examining Party is given an opportunity to question the witness about the document within thirty (30) calendar days of said determination if said witness is represented by the Party asserting the claim of privilege. If said witness is a non-party or is represented by another Party, the Party asserting the claim of privilege shall agree not to oppose additional questioning of the witness and will make best efforts to ensure that the questioning Party is given the opportunity to question the witness about the document at the earliest practicable time for the witness and its counsel.

(f)      In order to facilitate expeditious production of voluminous documents, a disclosing party may, at its sole option, but is not required to, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from

19

discovery applies to some of the documents. Pursuant to Federal Rule of Evidence 502(d), if a disclosing party at any time notifies a receiving party or parties that it, for any reason, disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the receiving party discovers such disclosure (in which case the receiving party shall follow the procedure set forth above in Paragraph 16(b)), the disclosure, pursuant to Rule 502(d), shall not be deemed a waiver—in the Action or in any other proceeding, including in federal or state proceedings—of any applicable privilege or protection.

17.  No Admission of Relevance:  The designation of any documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL is not intended to, and shall not be construed as an admission that, the documents or information are relevant, not subject to an applicable privilege or protection, admissible or reasonably calculated to lead to the discovery of admissible evidence.

18.  .  No Application to Information Available Publicly or Otherwise:  The restrictions and obligations set forth herein relating to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not apply to any information that:  (a) the designating party agrees, or the Court rules, is already public knowledge; (b) the designating party agrees, or the Court rules, has become public knowledge other than as a result of disclosure by a receiving party in violation of this Order; or (c) has come or shall come into a receiving party's legitimate possession independently of the designating party.  Nothing herein shall be deemed to prohibit discussions with any person of any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if that person already has or obtains legitimate possession thereof from a source other than the disclosing party.

20

19.   Court Proceedings:  The Parties will confer and attempt to agree before trial or

hearings on the procedures under which CONFIDENTIAL INFORMATION and HIGHLY

CONFIDENTIAL INFORMATION may be used at trial or hearings.  If agreement is reached, or

if the Court enters an order establishing the procedures, the Parties shall give notice of the terms

of the agreement or of the order to each non-party who produced CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that might be used or

introduced at trial.

20.   Conclusion of Litigation:  Unless the undersigned counsel agree otherwise in

writing, within sixty (60) calendar days after the final conclusion of all aspects of all the

MassMutual Actions by judgment not subject to further appeal or by settlement, each Party shall

take reasonable efforts to see that all CONFIDENTIAL INFORMATION and HIGHLY

CONFIDENTIAL INFORMATION has been returned or destroyed, except for: (a) such

information or material that was transmitted electronically and whose removal or destruction

from a Party's electronic systems would violate applicable federal or state law, rule or regulation,

or policies and procedures reasonably designed to ensure compliance with such law, rule or

regulation; and (b) information saved on backup media in an electronically stored format, if the

Party has a data destruction policy for the backup media resulting in the eventual destruction or

overwriting of the electronically stored information.  At the conclusion of the sixty (60)-day

period, counsel for each Party shall produce to the other Parties a certification stating that, to

counsel's knowledge and belief, the Party has either returned or destroyed all applicable

CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION in

accordance with this Order.  Notwithstanding the foregoing, as to those materials containing

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that (a)

constitute counsel's work product related to the Action, (b) were filed with the Court and/or marked as trial exhibits or (c) constitute deposition transcripts and exhibits, counsel may retain such materials if such counsel otherwise comply with this Order with respect to such retained material.

21.    Subpoenas in Other Actions:  In the event any person or receiving party having possession, custody, or control of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION produced in the Action receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall promptly notify by e-mail the attorneys of record of the designating party and shall furnish those attorneys with a copy of said subpoena or other process or order.  The receiving party shall not produce the requested CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION unless and until a court of competent jurisdiction so directs, except if the designating party (a) consents, or (b) fails to file a motion to quash or fails to notify the receiving party in writing of its intention to contest the production of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to the date designated for production of the subpoenaed information, in which event the receiving party may produce on the designated production date, but no earlier.  The purpose of requiring the receiving party to wait until the designated production date for producing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is to afford the designating party an opportunity to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The designating party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order.  The person or Party receiving the subpoena or other process or order shall be entitled to comply with it except to the

extent the designating party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

22.   Continuing Jurisdiction:  The Court retains jurisdiction even after termination of the Action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate.  The designating parties reserve all rights to apply to the Court at any time, before or after termination of the Action, for an order:  (a) modifying this Order, (b) seeking further protection against discovery or use of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, or other documents or information, or (c) seeking further production, discovery, disclosure, or use of claimed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, or other documents or information.

23.   Disclosure of NONPARTY BORROWER INFORMATION:  To the extent any federal or state law or other legal authority governing the disclosure or use of NONPARTY BORROWER INFORMATION (hereinafter, "NONPARTY BORROWER INFORMATION LAW") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement.  To the extent any NONPARTY BORROWER INFORMATION LAW requires a disclosing party and/or a receiving party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any NONPARTY BORROWER INFORMATION, the Court finds that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the disclosing party and/or receiving party is exempted from obtaining a court-ordered subpoena, having to

23

notify and/or obtain consent from any person or entity prior to the disclosure of NONPARTY

BORROWER INFORMATION, and/or having to provide a certification that notice has been

waived for good cause. To the extent that any NONPARTY BORROWER INFORMATION

LAW requires that any person or entity be notified prior to disclosure of NONPARTY

BORROWER INFORMATION except where such notice is prohibited by court order, the Court

directs that, in view of the protections provided for the information disclosed in this Order, the

volume of documents to be produced and the ongoing oversight of the Court, disclosing parties

are explicitly prohibited from providing such notice; provided, however, that this Order shall not

prohibit any disclosing party from contacting any person or entity for any other purpose. Any

disclosing party may seek additional orders from this Court that such disclosing party believes

may be necessary to comply with any NONPARTY BORROWER INFORMATION LAW.

24.     Headings: The headings herein are provided only for the convenience of the

Parties, and are not intended to define or limit the scope of the express terms of this Order.

STIPULATED AND AGREED

By: /s/ John J. Egan

John J. Egan (BBO 151680)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts 01102
Telephone: (413) 737-0260
Fax: (413) 737-0121
ejm@efclaw.com; ses@efclaw.com

Of counsel:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac vice*)
Jennifer J. Barrett (admitted *pro hac vice*)

24

51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

Harry A. Olivar, Jr. (admitted *pro hac vice*)
Molly Stephens (admitted *pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

*Attorneys for Massachusetts Mutual Life Insurance
Company*

By */s/ Andrea J. Robinson*
    Jeffrey B. Rudman (BBO# 433380)
    Andrea J. Robinson (BBO# 556337)
    Adam J. Hornstine (BBO# 666296)
    Nolan J. Mitchell (BBO # 668145)
    Darren Griffis (BBO # 675627)
    Harriet Hoder (BBO # 679416)
    WILMER CUTLER PICKERING HALE AND DORR LLP
    60 State Street
    Boston, MA 02109
    Tel: (617) 526-6000
    Fax: (617) 526-5000

*Attorneys for Banc of America Securities LLC,
Merrill Lynch, Pierce, Fenner & Smith Inc., Mark I.
Ryan, and George G. Ellison*

SO ORDERED.

Dated: _May 2_____, 2013

Michael A. Ponsor
United States District Judge

25